IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KOFFI AMEYAPOH,
    Petitioner

v.      CIVIL ACTION NO. JKB-13-2114

WARDEN WAYNE WEBB, et al.,
    Respondent

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On July 19, 2013, petitioner Koffi Ameyapoh filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for second degree rape, sexual abuse of a minor and third degree sexual offense entered in 2006. ECF No. 1. Respondents have filed a limited answer to the petition (ECF No. 4) and petitioner has replied (ECF Nos. 5-9, 11 & 12), making this case ready for dispositive review.[1] After examining these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the petition will be denied without prejudice as unexhausted and a certificate of appealability shall not issue.

### Procedural History

After a jury trial conducted on July 10-14, 2006, in the Circuit Court for Montgomery County, Ameyapoh was convicted of second-degree rape, sexual abuse of a minor, and third degree sexual offense. ECF No. 1. On September 19, 2006, he was sentenced to a thirty-year

---

[1] Petitioner also moved for a stay and abeyance pending his new trial. ECF No. 10. The motion will be denied. Stay and abeyance is available only in limited circumstances because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts. Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Rhines v. Weber* 544 U.S. 269, 277 (2005). As petitioner has not yet been retried on the charges, and as noted below, his current claims are now moot, there is no basis for staying the instant proceedings.

prison term, with 15 years suspended, to be followed by three years' probation. *Id.* Ameyapoh's motion for reconsideration of sentence was denied on January 10, 2007. *Id* Ameyapoh's conviction was affirmed by the Court of Special Appeals of Maryland on June 26, 2009, in an unreported opinion. *Id.*, Ex. 2. Ameyapoh's petition for certiorari was denied by the Court of Appeals of Maryland on September 14, 2009. *Id.*, Exs. 3 & 4.

Ameyapoh filed a petition for post-conviction relief in the Circuit Court on February 24, 2010. *Id.*, Ex. 1. Hearings on the post conviction petition, as amended, were held on October 23, 2012 and March 12, 2013. *Id.* On August 27, 2013, the post-conviction court granted relief and vacated petitioner's convictions. *Id.* Petitioner's retrial is scheduled for June 30, 2014.[2]

Petitioner's claims regarding errors in his state court criminal trial are now moot, those convictions having been vacated by the state post conviction court. As such, the petition is subject to dismissal.

To the extent petitioner seeks to have the state court charges dismissed, such a claim is also not properly before this court. Pretrial federal habeas relief is available under 28 U.S.C. §2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

---

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=103328C&loc=68&detailLoc=MCCR

2

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *see also Younger v. Harris*, 401 U.S. 37 (1971). The alleged errors raised by petitioner in the instant case may be addressed by the trial court. Thus, the petition must be dismissed without prejudice.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The court will not issue a COA because petitioner has not made the requisite showing.

A separate order follows.

DATED this 21 day of March, 2014.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

3